1  JEMMA E. DUNN
   Nevada Bar No. 16229
2  MATTHEW T. HALE
   Nevada Bar No. 16880
3  MICHAEL A. BURNETTE
   Nevada Bar No. 16210
4  **GREENBERG GROSS LLP**
   1980 Festival Plaza Drive, Suite 730
5  Las Vegas, Nevada 89135
   Telephone: (702) 777-0888
6  Facsimile: (702) 777-0801
    *JDunn@GGTrialLaw.com*
7    *MHale@GGTrialLaw.com*
    *MBurnette@GGTrialLaw.com*
8
   Attorneys for Plaintiff
9  Patricia Jancaterino

10                    **UNITED STATES DISTRICT COURT**

11                         **DISTRICT OF NEVADA**

12

13
   PATRICIA JANCATERINO, an individual,        Case No.:
14
                                               **COMPLAINT FOR DAMAGES**
15              Plaintiff,
                                               **(1)    TORTIOUS DISCHARGE;**
16        v.
                                               **(2)    NEGLIGENT HIRING,
17  ENCOMPASS HEALTH REHABILITATION                    SUPERVISION, RETENTION;**
    HOSPITAL OF LAS VEGAS, LLC, a
18  Delaware limited liability company,        **(3)    DISCRIMINATION (N.R.S. 613.330** *et*
                                                      *seq.*);
19              Defendant.
                                               **(4)    DISCRIMINATION (42 U.S.C. §
20                                                    12112** *et seq.***);**

21                                             **(5)    HARASSMENT (N.R.S. 613.330** *et*
                                                      *seq.*);
22
                                               **(6)    HARASSMENT (42 U.S.C. § 12112** *et*
23                                                    *seq.*);

24                                             **(7)    RETALIATION (N.R.S. 613.340** *et*
                                                      *seq.*);
25
                                               **(8)    RETALIATION (42 U.S.C. § 12203** *et*
26                                                    *seq.*);

27                                             **(9)    FAILURE TO PROVIDE
                                                      REASONABLE**
28

                                    -1-
                          COMPLAINT FOR DAMAGES

**ACCOMMODATION;**

**(10) FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS;**

**(11) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

**DEMAND FOR JURY TRIAL**

Plaintiff Patricia Jancaterino ("Plaintiff") alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Plaintiff's claims for damages arise, in part, under Title VII of the Civil Rights Act, 42 U.S.C. §§ 12112, 12203.  The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because Defendant Encompass Health Rehabilitation Hospital of Las Vegas, LLC ("Encompass") resides in Clark County, Nevada.

3.    Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

## NATURE OF THE ACTION

4.    In December 2019, Patricia Jancaterino was hired by Encompass Health Rehabilitation Hospital of Las Vegas, LLC, where she initially served as a Clinical Liaison before being promoted to Nurse Manager. With more than four years of service at Encompass, on February 28, 2024, Plaintiff slipped and fell on an unmarked wet floor on work premises, resulting in a fractured hand. Her disability required accommodation, which Plaintiff promptly sought. However, Plaintiff's supervisor Melanie Yogaratnam forced Plaintiff to violate her restrictions and subjected her to harassment on the basis of her disability. Plaintiff subsequently complained to Human Resources at Encompass about the harassment and retaliation from her supervisor. Shortly

thereafter, on or about on March 28, 2024, Plaintiff suffered a retaliatory and discriminatory termination on a false and pretextual basis.

### PARTIES

5.    Plaintiff is an adult female residing in Clark County, Nevada.

6.    Defendant Encompass is a Nevada limited liability company that conducts business in Clark County.  Defendant Encompass is registered and qualified to do business in Nevada and regularly conducts business in Clark County, Nevada.

### FACTUAL ALLEGATIONS

7.    In or around December of 2019, Plaintiff was hired to work for Encompass as a Clinical Liaison.

8.    After receiving a glowing letter from the CEO of Encompass about her work ethic and performance, and the departure of Encompass's then Nurse Manager, Plaintiff was tapped to take on the role as Nurse Manager. Plaintiff excelled in the role and received uniformly positive feedback, until Melanie Yogaratnam was assigned as Plaintiff's supervisor.

9.    On or around February 28, 2024, during her work shift, Plaintiff slipped and fell on a wet floor, which was unmarked. As a result, Plaintiff's hand was fractured.

10.    Plaintiff spoke with Human Resources for Encompass and requested medical care pursuant to her rights under Nevada Workers' Compensation law.

11.    Shortly after suffering this injury, limiting her ability to conduct certain life and work activities, Plaintiff began to suffer harassment and retaliation from her supervisor Yogaratnam, who was knowledgeable about Plaintiff's workplace injury and resulting disability. For example, despite Plaintiff wearing the same style for years, Yogaratnam immediately targeted Plaintiff by telling her to change her fingernail styling. When Plaintiff attempted to do so at the salon, it was too painful as a result of her fractured hand. When Yogaratnam noticed that Plaintiff's nail styling was unchanged, instead of engaging in an interactive process to determine potential accommodations, Yogaratnam sent Plaintiff home early, effectively suspending her, despite Plaintiff's complaints that she could not alter the style due to her disability.

12.    Due to the harassment, retaliation, and failure to engage in an interactive process she

COMPLAINT FOR DAMAGES

suffered from Yogaratnam and Encompass, Plaintiff complained to Human Resources at Encompass about the same. Human Resources and Encompass did nothing to investigate the complaint and instead ratified Yogaratnam's unlawful conduct.

13.  Following Plaintiff's complaint, the harassment and retaliation only worsened. When Plaintiff could not "gel in" and "gel out" (i.e., apply hand sanitizer to her hands upon entering and exiting a patient's room), Yogaratnam yelled at Plaintiff to simply leave the room. Plaintiff contemporaneously complained and requested to discuss potential accommodations. Yogaratnam repeatedly refused to do so.

14.  As a result of her disability, Plaintiff's physicians provided her with a number of work restrictions, including lifting restrictions. When Plaintiff informed Yogaratnam that she could not lift a machine that Yogaratnam instructed her to lift because it was outside of her lifting restrictions, Yogaratnam again raised her voice at Plaintiff and yelled, "It's your responsibility. Find someone that can do it." On another occasion, after Plaintiff was instructed by Yogaratnam to lift something above her lifting restrictions and so was unable to do so, Yogaratnam ominously stated that she would "remember this for your evaluation."

15.  On or about March 23, 2024, Plaintiff received a call from the CEO of Encompass and was explicitly told that because she had made complaints of harassment, Encompass had to put her on a suspension. Plaintiff was then placed on a suspension.

16.  On or about March 28, 2024, Plaintiff was terminated by Encompass on a false and pretextual basis.

17.  *Punitive damages*: Plaintiff is entitled to punitive damages.  (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

18.  *Reckless Indifference and Conscious disregard*: Encompass knew of the probably economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Encompass willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

19.  *Malice:* The conduct of Encompass was committed with malice, including that (a) Encompass acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for

Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Encompass was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

20.    *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Encompass against Plaintiff were cruel and subjected them to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

21.    *Fraud:* In addition, and/or alternatively, the conduct of Encompass, as alleged, was fraudulent, including that Encompass asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive them of legal rights or otherwise injure Plaintiff.

22.    Further, Encompass is liable for the wrongful acts of its employees, including its supervisory personnel, because Encompass had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others.  (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

### FIRST CLAIM FOR RELIEF

**Tortious Discharge**

**(Plaintiff Patricia Jancaterino against Defendant Encompass)**

23.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

24.    Plaintiff was employed by Encompass.

25.    Plaintiff, acting in good faith, engaged in conduct which favors the right of disabled employees to request and obtain reasonable accommodation for their disabilities as well as to complain about the unlawful discrimination, retaliation, and harassment and not suffer retaliation.

26.    Encompass had actual or constructive knowledge of Plaintiff's actions.

27.    The decision of Encompass to discharge plaintiff was proximately caused by Plaintiff's actions and was in derogation of the public policy of the State of Nevada.

28.    Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

29.    The acts of Encompass alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Encompass, and to make an example of and deter Encompass from engaging in such conduct in the future.

### SECOND CLAIM FOR RELIEF

**Negligent Hiring, Supervision, Retention**

**(Plaintiff Patricia Jancaterino against Defendant Encompass)**

30.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

31.    Plaintiff was employed by Encompass.

32.    Encompass had a duty to use reasonable care in hiring, supervising, and retaining employees who would be interacting with Plaintiff and other employees.

33.    Encompass breached this duty by: a. Failing to properly train employees on appropriate workplace conduct and compliance with labor laws; b. Failing to adequately supervise employees to ensure they were not engaging in unlawful practices; c. Failing to investigate complaints or reports of misconduct by employees; and, d. Retaining employees known or should have known were engaging in unlawful practices.

34.    As a direct and proximate result of the actions of Encompass, Plaintiff has and will continue to suffer harm, including lost earnings, salary, and other job benefits, and humiliation, embarrassment, and emotional distress, according to proof.

35.    Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

36.     The acts of Encompass alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Encompass, and to make an example of and deter Encompass from engaging in such conduct in the future.

**THIRD CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of N.R.S. § 613.330 *et seq.***

**(Plaintiff Patricia Jancaterino against Defendant Encompass)**

37.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

38.     As defined by N.R.S. § Plaintiff was employed by Encompass. Encompass is an employer, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the persons compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613.330 *et seq.*  Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

39.     The acts and omissions of Encompass, as more fully set forth herein, constituted discrimination on the bases of disability within the meaning of N.R.S. § 613.330.

40.     Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

41.     Plaintiff charges that Encompass discriminated against the Plaintiff based on her disability.

42.     As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful disability discrimination, loss of her employment, loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

43.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain

1  the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant

2  to N.R.S. § 18.020 as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

3       44.    The acts of Encompass alleged herein were undertaken with malice, with intent to

4  injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute

5  oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's

6  rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and

7  exemplary damages in an amount sufficient to punish Encompass, and to make an example of and

8  deter Encompass from engaging in such conduct in the future.

9  **FOURTH CLAIM FOR RELIEF**

10  **Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

11  **(Plaintiff Patricia Jancaterino against Defendant Encompass)**

12       45.    The allegations set forth in preceding paragraphs are re-alleged and incorporated

13  herein by reference.

14       46.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting

15  discrimination based on disability.

16       47.    Encompass, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was

17  prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C.

18  § 12112(a).

19       48.    Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

20       49.    Plaintiff was qualified to perform the essential functions of their job, with or without

21  reasonable accommodation.

22       50.    Encompass took adverse employment actions against Plaintiff because of her

23  disability, including the decisions to terminate Plaintiff's employment, not to retain, hire, or

24  otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against

25  Plaintiff.

26       51.    The discriminatory acts of Encompass constitute a violation of the Americans with

27  Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an

28  employee on the basis of disability.

52.    The discriminatory acts of Encompass have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

53.    The acts of Encompass alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Encompass, and to make an example of and deter Encompass from engaging in such conduct in the future.

54.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**FIFTH CLAIM FOR RELIEF**

**Workplace Harassment in Violation of N.R.S. § 613.330 *et seq.***

**(Plaintiff Patricia Jancaterino against Defendant Encompass)**

55.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

56.    Plaintiff was employed by Encompass.

57.    The acts and omissions of Encompass, as more fully set forth herein, constituted harassment on the bases of disability.

58.    Plaintiff is within the class of persons that NRS 613.330 intends to protect and harass on the basis of disability is the type of injury prohibited by NRS 613.330.

59.    Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected characteristics.

60.    The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's

-9-

COMPLAINT FOR DAMAGES

work performance.

61.    Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

62.    At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

63.    Encompass had a duty to prevent and promptly correct the harassing behavior. Encompass breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct.  Encompass similarly breached its duty by failing to remedy the harassment.

64.    As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

65.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Encompass, and to make an example of and deter Encompass from engaging in such conduct in the future.

66.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS 18.020 as well as attorneys' fees under NRS 613.432 and 42 U.S.C. § 2000e-5(k).

## SIXTH CLAIM FOR RELIEF

### Workplace Harassment in Violation of 42 U.S.C. § 12112 *et seq.*

### (Plaintiff Patricia Jancaterino against Defendant Encompass)

67.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

68.    Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

69.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on disability.

70.    Encompass, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from harassing qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

71.    Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her disability.

72.    The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

73.    Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

74.    At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

75.    Encompass had a duty to prevent and promptly correct the harassing behavior. Encompass breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct.  Encompass similarly breached its duty by failing to remedy the harassment.

76.    The acts alleged herein have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

77.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of their rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Encompass, and to make an example of and deter Encompass from engaging in such conduct in the future.

78.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### SEVENTH CLAIM FOR RELIEF

**Workplace Retaliation in Violation of N.R.S. § 613.340 *et seq*.**

**(Plaintiff Patricia Jancaterino against Defendant Encompass)**

79.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

80.     Plaintiff was employed by Encompass.

81.     Plaintiff engaged in protected activity by making requests of accommodations, obtaining partial accommodation, complaining of Encompass's failure to fully accommodate Plaintiff, and complaining of unlawful discrimination, retaliation, and harassment.

82.     Encompass was aware of Plaintiff's protected activity.

83.     After engaging in protected activity, Plaintiff suffered an adverse employment action.

84.     There is a causal connection between Plaintiff's protected activity and the adverse employment action.

85.     The conduct of Encompass alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

86.     The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Encompass, and to make an example of and deter Encompass from engaging in such conduct in the future.

87.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain

the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS 18.020 as well as attorneys' fees under NRS 613.432 and 42 U.S.C. § 2000e-5(k).

## **EIGHTH CLAIM FOR RELIEF**

**Retaliation in Violation of 42 U.S.C. § 12203, *et seq.***

**(Plaintiff Patricia Jancaterino against Defendant Encompass)**

88.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

89.    Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation – for making requests of accommodations, obtaining partial accommodation, complaining of Encompass's failure to fully accommodate Plaintiff, and complaining of unlawful discrimination, retaliation, and harassment – is the type of injury prohibited by 42 U.S.C. § 12203.

90.    Plaintiff was an "employee" of Encompass, as defined by 42 U.S.C. § 12111(4).

91.    Encompass was an employer, as defined by 42 U.S.C. § 12111(5), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq*. as well as against any person for requesting an accommodation as provided under the same the statute.

92.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq*. and/or requested an accommodation as provided under the same statute.

93.    As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Encompass engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

94.    The conduct of Encompass constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

95.    The conduct of Encompass alleged herein has caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and has caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according

1  to proof at trial.

2      96.    The acts of Encompass alleged herein were undertaken with malice, with intent to

3  injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute

4  oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's

5  rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and

6  exemplary damages in an amount sufficient to punish Encompass, and to make an example of and

7  deter Encompass from engaging in such conduct in the future.

8      97.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

9  Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs

10  in an amount according to proof.

11                      **NINTH CLAIM FOR RELIEF**

12  **Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

13            **(Plaintiff Patricia Jancaterino against Defendant Encompass)**

14      98.    The allegations set forth in preceding paragraphs are re-alleged and incorporated

15  herein by reference.

16      99.    Plaintiff is a member of the classes of persons protected by federal statutes requiring

17  reasonable accommodation for disabilities.

18      100.    Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

19      101.    Encompass employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was

20  required to provide reasonable accommodation to qualified individuals with disabilities as set forth

21  in 42 U.S.C. § 12112(b)(5).

22      102.    Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

23      103.    Plaintiff requested reasonable accommodation for her disability.

24      104.    Encompass failed to provide reasonable accommodation for Plaintiff's disability.

25      105.    The failure of Encompass to provide reasonable accommodation constitutes a

26  violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable

27  accommodation to an employee with a disability.

28      106.    The acts of Encompass alleged herein have caused damage and harm to Plaintiff,

-14-
COMPLAINT FOR DAMAGES

including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

107.    The acts of Encompass alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Encompass, and to make an example of and deter Encompass from engaging in such conduct in the future.

108.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**TENTH CLAIM FOR RELIEF**

**Failure to Engage in an Interactive Process in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Patricia Jancaterino against Defendant Encompass)**

109.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

110.    Plaintiff is a member of the classes of persons protected by federal statutes requiring an interactive process to determine reasonable accommodations for disabilities.

111.    Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

112.    Encompass employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to engage in an interactive process to determine reasonable accommodations for qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

113.    Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

114.    Plaintiff requested reasonable accommodation for her disability.

115.    Encompass failed to engage in an interactive process with Plaintiff to determine appropriate reasonable accommodations for Plaintiff's disability, as required by the Americans with Disabilities Act (ADA).

116.    The acts of Encompass alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

117.    The acts of Encompass alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Encompass, and to make an example of and deter Encompass from engaging in such conduct in the future.

118.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**ELEVENTH CLAIM FOR RELIEF**

**Intentional Infliction of Emotional Distress**

**(Plaintiff Patricia Jancaterino against Defendant Encompass)**

119.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

120.    By its actions described hereinabove, Encompass intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress.

121.    The following conduct of Encompass caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial: harassing and discriminating against Plaintiff on the basis of her disability; retaliating against Plaintiff for her requests of accommodations and complaints of failures to provide the same; and retaliating against Plaintiff for her complaints of discrimination, retaliation, and harassment.

122.    The actions of Encompass were intentional and done with the willful disregard for the well-established and well-known legal rights of the Plaintiff. As a direct and proximate result of

these actions. Plaintiff has been damaged, and will continue to be damaged in an amount to be proven at trial. The actions of Encompass were done willfully, oppressively, maliciously and in callous indifference to the Plaintiff's rights and therefore, the Plaintiff should be awarded punitive damages.

123.    Due to this action, it has been necessary for Plaintiff to expend court costs. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

124.    The acts of Encompass alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Encompass, and to make an example of and deter Encompass from engaging in such conduct in the future.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.    Emotional distress damages;

3.    Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

4.    For an award of reasonable attorneys' fees and costs incurred in this action;

5.    For pre-judgment and post-judgment interest, as provided by law; and

6.    For other and further relief as the Court may deem just and proper.

DATED:  January 24, 2025                GREENBERG GROSS LLP


                                        By:    /s/ Jemma E. Dunn
                                               Jemma E. Dunn
                                               Matthew T. Hale
                                               Michael A. Burnette

                                               Attorneys for Plaintiff
                                               Patricia Jancaterino

COMPLAINT FOR DAMAGES

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff Patricia Jancaterino hereby demands a jury trial.

3

4  DATED:  January 24, 2025                GREENBERG GROSS LLP

5

6                                                       By:    /s/ Jemma E. Dunn

7                                                              Jemma E. Dunn
                                                               Matthew T. Hale
8                                                              Michael A. Burnette

9                                                              Attorneys for Plaintiff
                                                               Patricia Jancaterino
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES