Wendy M. Krincek, Esq.
Nevada Bar No. 6417
Diana G. Dickinson, Esq.
Nevada Bar No.13477
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
Telephone:     702.862.8800
Fax No.:       702.862.8811
wkrincek@littler.com
ddickinson@littler.com

Attorneys for Defendant
ENCOMPASS HEALTH REHABILITATION
HOSPITAL OF LAS VEGAS, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA JANCATERINO, an individual,<br><br>                 Plaintiff,<br><br>       v.<br><br>ENCOMPASS HEALTH REHABILITATION HOSPITAL OF LAS VEGAS, LLC, a Delaware limited liability company,<br><br>                 Defendant. | Case No. 2:25-cv-00157-ART-DJA<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(THIRD REQUEST)** |

Plaintiff Patricia Jancaterino ("Plaintiff"), by and through her counsel of record, Greenberg Gross LLP, and Defendant Encompass Health Rehabilitation Hospital of Las Vegas, LLC ("Defendant") by and through its counsel of record, Littler Mendelson P.C., hereby stipulate and agree to extend the unexpired discovery deadlines for sixty days (60).

This is the parties' third request for an extension to the Discovery Plan and Scheduling Order. ECF No. 23.  The requested extension is sought in good faith and not for purposes of undue delay. This request is submitted before the expiration of the subject deadlines.

## I.      DISCOVERY COMPLETED

To date, the parties have exchanged the following written discovery and disclosures:

- Plaintiff's Initial Disclosure of Documents and Witnesses Pursuant to FRCP 26(a) was served on May 28, 2025;

LITTLER MENDELSON,
P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

- Defendant's Initial Disclosure of Documents and Witnesses Pursuant to FRCP 26(a) was served on May 28, 2025;

- Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff were served on May 28, 2025;

- Plaintiff's First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents to Defendant were served on May 29, 2025;

- Plaintiff's Responses to Defendant's First Set of Interrogatories and Requests for Production of Document were served on July 18, 2025;

- Plaintiff's First Supplement to Initial Disclosure of Documents and Witnesses Pursuant to FRCP 26(e) was served on July 18, 2025;

- Defendant's Responses to Plaintiff's First Set of Interrogatories, Requests for Admission, and Requests for Production of Document were served on July 21, 2025;

- Defendant's First Supplement to Initial Disclosure of Documents and Witnesses Pursuant to FRCP 26(e) was served on July 21, 2025;

- Plaintiff's Supplemental Responses to Defendant's First Set of Interrogatories and Requests for Production of Document were served on October 30, 2025;

- Plaintiff's Second Supplement to Initial Disclosure of Documents and Witnesses Pursuant to FRCP 26(e) was served on October 30, 2025;

- Defendant's First Supplemental Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Document were served on October 30, 2025;

- Defendant's Second Supplement to Initial Disclosure of Documents and Witnesses Pursuant to FRCP 26(e) was served on October 30, 2025;

- Plaintiff's Third Supplement to Initial Disclosure of Documents and Witnesses Pursuant to FRCP 26(e) was served on October 31, 2025;

- Plaintiff's Initial Designation of Expert Witnesses Pursuant to FRCP 26(a)(2) was served on November 10, 2025;

- Plaintiff's Fourth Supplement to Initial Disclosure of Documents and Witnesses Pursuant to FRCP 26(e) was served on November 13, 2025;

- Plaintiff's Second Set of Requests for Production of Documents to Defendant were served on November 13, 2025;

- Defendant's Third Supplement to Initial Disclosure of Documents and Witnesses Pursuant to FRCP 26(e) was served on December 9, 2025;

- Defendant's Responses to Plaintiff's Second Set of Requests for Production of

LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada
89113.4770
702.862.8800

Documents were served on December 22, 2025;

- Defendant's Fourth Supplement to Initial Disclosure of Documents and Witnesses Pursuant to FRCP 26(e) was served on December 22, 2025;

- Plaintiff's Fifth Supplement to Initial Disclosure of Documents and Witnesses Pursuant to FRCP 26(e) was served on January 16, 2026;

- Plaintiff's First Supplement to Initial Designation of Expert Witnesses Pursuant to FRCP 26(a)(2) was served on January 16, 2026;

- Plaintiff's Sixth Supplement to Initial Disclosure of Documents and Witnesses Pursuant to FRCP 26(e) was served on February 2, 2026;

- Plaintiff's Second Supplement to Initial Designation of Expert Witnesses Pursuant to FRCP 26(a)(2) was served on February 2, 2026;

Plaintiff has identified 31 witnesses, 1 retained expert, 9 non-retained experts, and has produced 1,343 pages of documents. Defendant has identified 5 witnesses and has produced 2,172 pages of documents. Defendant has also served 10 third-party subpoenas.

On October 28, 2025, Plaintiff issued noticed depositions of three witnesses: (1) Tij von Nieda for November 13, 2025; (2) Chanda Kent for November 21, 2025; and (3) Melanie Yogaratnam for December 12, 2025. Plaintiff also served subpoenas for each of these depositions that include a demand for documents, which included the text messages and communications from the witnesses with employees of Defendant relating to Plaintiff. These subpoenas were currently the subject of a meet and confer letter issued by Defendant on October 31, 2025. Plaintiff postponed the deposition of Mr. von Nieda due to Plaintiff's counsel's illness. The parties met and conferred on November 18, 2025, and agreed to postpone the deposition of Ms. Kent until January to allow the parties time to complete meet and confer discussions on the subpoena issue. A separate issue arose and the deposition of Ms. Yogaratnam also had to be rescheduled.

## II.    DISCOVERY THAT REMAINS TO BE COMPLETED

Plaintiff has set the following depositions: (1) Tij von Nieda for February 17, 2026; (2) Melanie Yogaratnam for March 4, 2026; and (3) Chanda Kent for March 10, 2026. Plaintiff also intends to issue third-party subpoenas and conduct depositions of other critical fact witnesses (supervisors, decision makers, percipient witnesses) as well as corporate representatives. Plaintiff may

LITTLER MENDELSON,
P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada
89113.4770
702.862.8800

need to conduct additional written discovery following depositions, and may issue additional subpoenas to third-parties based upon information learned in those depositions.

Defendant has issued ten third-party subpoenas and is waiting to receive all of the responses. Defendant plans to conduct Plaintiff's deposition and take the depositions of percipient witnesses. Defendant may conduct additional written discovery following said depositions, and may issue additional subpoenas to third-parties based upon information learned in those depositions.

Plaintiff identified 10 treating providers in her Initial Designation Expert Witnesses and this disclosure is currently the subject of a meet and confer letter dated January 6, 2026. The parties participated in a meet and confer conference on January 28, 2026, and Plaintiff's counsel stated she would respond by close of business on Monday, February 2, 2026, as to whether Plaintiff intends to provide any additional supplementation. On February 2, 2026, Plaintiff produced a Second Supplement to Initial Designation of Expert Witnesses Pursuant to FRCP 26(a)(2).

Defendant has also requested that Plaintiff stipulate to a Rule 35 Independent Medical Examination, and is in the process of meeting and conferring with Plaintiff's counsel regarding whether Plaintiff will stipulate to the examination and if so, the parameters of the investigation.

Plaintiff also started the meet and confer process for Defendant's Responses to Plaintiff's Second Set of Requests for Production of Documents.

## III.   REASON FOR EXTENSION TO COMPLETE DISCOVERY

This extension is necessary to allow Defendant sufficient time to complete its rebuttal expert reports and for Defendants to meet and confer with Plaintiff on her Initial Designation Expert Witnesses. Specifically, Defendant just received Plaintiff's Second Supplement to Initial Designation of Expert Witnesses Pursuant to FRCP 26(a)(2) and needs to review to determine if it addresses the issues identified in Defendant's meet and confer letter. Defendant contends that these issues prevent the Rule 35 Independent Medical Evaluation expert from knowing the facts and opinions of Plaintiff's treating physicians that should be evaluated. Once this issue is resolved, Defendant's identified Rule 35 Independent Medical Evaluation expert will need time to evaluate Plaintiff and prepare his report. The parties believe that, absent any unforeseen circumstances, all necessary discovery can be accomplished by the requested extended deadline. Good cause exists to extend all deadlines in order

LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada
89113.4770
702.862.8800

4

to permit the parties to achieve their respective stated discovery goals.

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b*). See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Id.*

Good cause supports the parties' request to extend the Discovery Cut-Off, Rebuttal Expert Disclosures, Dispositive Motions, and Pretrial Order Deadlines. First, the parties have been diligent in their efforts to conduct discovery within the current discovery deadlines by conducting written discovery to obtain relevant evidence prior to depositions. Second, good cause exists to grant an extension to the discovery deadlines to allow Defendant additional time to potentially retain and disclose a rebuttal expert after the potential issues with Plaintiff's ten experts have been resolved. Third, good cause exists to grant an extension to the deadline to conduct discovery to allow the parties time to conduct the depositions of the Plaintiff, percipient witnesses, corporate representatives, and potential third-party deponents. The parties therefore submit that these circumstances satisfy the required good cause in extending the deadlines referenced below.

LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada
89113.4770
702.862.8800

5

## IV.   PROPOSED REVISED DISCOVERY PLAN

### 1.   Rebuttal Expert Disclosures

The parties' current deadline for completing rebuttal experts is February 10, 2026.  The parties request that the Court extend that deadline to April 13, 2026.[1]

### 2.   Discovery Cut-Off Deadline

The parties' current deadline for completing discovery is March 10, 2026.  The parties request that the Court extend that deadline to May 11, 2026.[2]

### 3.   Dispositive Motions Deadline

The parties' current deadline for filing dispositive motions is April 10, 2026.  The parties request that the Court extend that deadline to June 9, 2026.

### 4.   Joint Pretrial Order Deadline

The parties' current deadline for filing the Joint Pretrial Order is May 11, 2026.  The parties request that the Court extend that deadline to July 10, 2026.  In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the Court enters a ruling on the dispositive motions or otherwise by further order of the Court.

### 5.   Extensions or Modification of the Discovery Plan and Scheduling Order

In accordance with Local Rule 26-3, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made at least twenty-one (21) days prior to the expiration of the subject deadline.

Accordingly, the parties stipulate, subject to approval of this Court, to the following new proposed deadlines:

|  | Current Deadline | **Revised Deadline** |
|---|---|---|
| Rebuttal Experts | February 10, 2026 | **April 13, 2026** |
| Discovery Cut-Off | March 10, 2026 | **May 11, 2026** |
| Dispositive Motions | April 10, 2026 | **June 9, 2026** |

---

[1] Deadline lands on Saturday moved to Monday.
[2] Deadline lands on Saturday moved to Monday.

LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada
89113.4770
702.862.8800

| Joint Pretrial Order | May 11, 2026 | **July 10, 2026** |
|---|---|---|

The instant request is made in good faith and not for the purpose of delay.

Dated: February 3, 2026

Respectfully submitted,


*/s/ Marian L. Massey*
Jemma E. Dunn, Esq.
Matthew T. Hale, Esq.
Marian L. Massey, Esq.
GREENBERG GROSS, LLP

Attorneys for Plaintiff
PATRICIA JANCATERINO

Dated: February 3, 2026

Respectfully submitted,


*/s/ Diana G. Dickinson*
Wendy M. Krincek, Esq.
Diana G. Dickinson, Esq.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
ENCOMPASS HEALTH REHABILITATION
HOSPITAL OF LAS VEGAS, LLC


**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: ___2/4/2026___

LITTLER MENDELSON,
P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada
89113.4770
702.862.8800

7